***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted July 7, affirmed October 4, 2023

Kathryn Jane PHILLIPS,
*Petitioner,*

*v.*

POLK COUNTY
and David Harris,
*Respondents.*

Land Use Board of Appeals
2023014; A181308

Kathryn Jane Phillips filed the brief *pro se.*

Morgan Smith filed the brief for respondent Polk County.

No appearance for respondent David Harris.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner seeks judicial review of a final opinion and order of the Land Use Board of Appeals (LUBA) that dismissed petitioner's appeal of Polk County's decision to vacate an unimproved portion of a right-of-way. LUBA determined that it did not have jurisdiction to review the vacation because it was not a "land use decision" under either ORS 197.015(10) or the "significant impact test" established by *City of Pendleton v. Kerns*, 294 Or 126, 653 P2d 992 (1982). Petitioner raises a procedural challenge and argues that LUBA erred in its application of the "significant impact test." We affirm.[1]

Petitioner first argues that LUBA erred in ruling on the county's motion to dismiss before resolving all of petitioner's objections to the record. Petitioner cites OAR 661-010-0026(6), which provides, "[i]f an objection to the record is filed, the time limits for all further procedures under these rules shall be suspended." By its terms, that rule suspends *time limits* for further procedures, not the procedures themselves. Here, petitioner had the opportunity to submit evidence with her response to the county's motion to dismiss, which LUBA addressed in its final order determining that it lacked jurisdiction. In any case, the evidence that petitioner now contends is missing—records pertaining to the right-of-way's creation in the 1880s—have little relevance to the "significant impact test," which considers whether the decision "will have a 'significant impact on *present or future* land uses' in the area." *Kerns*, 294 Or at 134 (emphasis added).

Petitioner next argues that LUBA erred in concluding that the vacation would not have a significant impact on land use. "[T]he test is not satisfied where a decision merely 'would have potential impact,' 'would affect,' or 'would have any impact' on current or future land uses." *Marks v. LCDC*, 327 Or App 708, 727, 536 P3d 995 (2023) (citation omitted). Petitioner contends that the vacated right-of-way is the only existing path to vineyards on one portion of her property,

---

[1] We also deny petitioner's request to waive ORAP 6.05(3) and ORAP 6.10(4) and allow oral argument because we conclude that oral argument would not benefit the court in rendering a disposition.

such that she will need to construct a different path somewhere else on her property, thus impacting the use of her land. LUBA did not err in concluding that that impact—albeit difficult for petitioner—does not amount to a "significant" one under the legal test. *See Kerns*, 294 Or at 133-34 ("We do not believe, however, that the legislature intended the myriad of prosaic administrative decisions regarding routine maintenance and minor public works and road projects be subject to LUBA and judicial review for compliance.").

Affirmed.